## STATE ex Blair v. AUGUSTINE et.

Ohio Appeals, 6th Dist., Williams Co.

No. 167.　Decided Apr. 16, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

126.　BANKS & BANKING—1087.　Set Off—645.　Insolvency—1107.　Stockholders' Liability.

Error to Common Pleas.
Judgment affirmed.

Edwd. C. Turner, Atty. Gen., J. A. Godown, L. F. Laylin, Columbus, and R. P. Hays, Bryan, for State ex.

T. T. Shaw and R. H. Sutphen, Defiance, and A. L. Gebhard, Bryan, for Augustine et.

### FULL TEXT.

BY THE COURT:

To paraphrase the language of Judge Johnson in stating the question at issue in Niles vs. Olszak, 87 Ohio St. 229, the only question presented to this court is, can a stockholder of a bank, organized under the statutes of Ohio, when the bank becomes insolvent and is in process of liquidation, in an action brought by the State Superintendent of Banks to enforce the stockholders' liability authorized by Section 710-75, General Code, set off a claim for money which he has on deposit with the bank against his statutory liability as such stockholder.

The Supreme Court, reversing the judgment of this court holding otherwise, decided in Niles vs. Olszak that

"A stockholder in a savings and loan association organized under the laws of this state, is entitled when the association becomes insolvent, to set off, as against its assignee for the benefit of creditors, a claim for money which he has on deposit with the association, against his liability for the unpaid part of his stock subscription."

At page 236 of the opinion, Judge Johnson speaking for the court, says:

"Although there is a distinction between a proceeding to collect unpaid subscriptions for stock, and one to enforce the statutory liability of a stockholder, they are both for the purpose of creating a fund for the protection and benefit of the creditors of the company. The suit to enforce the statutory liability may be brought by creditors only after the insolvency of the corporation, and for the purpose of creating a fund to be applied to the payment of

the debts of the company after it has been disclosed that the corporation is unable to pay them. It would seem that if a stockholder were entitled to set off a claim against the company, against his statutory liability in a proceeding to create such fund for the creditors, it would a fortiori be just and equitable to allow him to set off a claim which he had in good faith against the company, in a proceeding by an assignee or receiver to enforce an unpaid subscription to the stock for the same purpose."

All of the then members of the Supreme Court concurred in the opinion as well as in the judgment; and, although we are not unmindful of the rule of that court that the syllabi are determinative of what is decided, the language last above quoted is so plain and unequivocal as to evidence the belief that it was used advisedly, and only after careful thought and consideration by each and all of the members of the Court. If it was intended only as obiter dicta, our judgment is, that the Supreme Court should so declare, rather than that this court should endeavor to distinguish the instant case from the Olszak case and to determine that what was there written was not meant.

If the question presented in the Olszak case were again before this court of appeals as an original question, although the personnel of the court has changed, the conclusion would be the same as that previously announced.

Our judgment is that not only reason but the great weight of authority, both text books and decisions, impel a contrary conclusion, but for the reason given the judgment of the trial court will be affirmed.

(Richards, Williams and Lloyd, JJ., concur.)